UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DERMACUS D. ROSS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-89-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Demarcus D. Ross's Unopposed Motion to Continue Trial Date and Relevant Deadlines [Doc. 14], which he filed on August 7, 2026.

Defendant asks the Court to continue the September 8, 2026 trial date and all relevant deadlines [*Id.* at 1]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required to further communicate, discuss factual and legal issues, and confer with the Government regarding a potential resolution [*Id.* ¶ 1]. Defendant represents that he understands that the period between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government does not object to the requested relief [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C.

§ 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs more time to consult with his counsel, consider factual and legal issues, consider a plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** Defendant Demarcus D. Ross's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**]. The trial of this case is reset to **December 15, 2026**. A new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motions on August 7, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Demarcus D. Ross's Unopposed Motion to Continue Trial Date and Relevant Deadlines [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 15, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motions on **August 7, 2026**, and the new trial date of **December 15, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 13, 2026**;

(5) the deadline for filing motions *in limine* is **November 30, 2026**, and responses to motions *in limine* are due on or before **December 8, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 1, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 4, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge