UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-cr-00089-KAC-JEM |
| | ) | |
| DEMARCUS D. ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Demarcus D. Ross's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 16], filed on November 13, 2026.

Defendant asks the Court to continue the December 15, 2026, trial date and the November 13, 2026, plea deadline [*Id.* at 1]. As grounds, Defendant states defense counsel "has been involved in a good faith effort to resolve [Defendant's] case but additional time" is needed to resolve the case [*Id.* ¶ 1]. Defendant's counsel is actively negotiating a plea agreement, but additional time will be required to reach a resolution [*Id.*]. Defendant further states that granting a continue will allow "the parties the opportunity to make a full resolution of the case . . . [and] will serve the ends of justice" to allow time to "properly prepare the case" [*Id.* ¶ 2]. Defendant is aware of his speedy trial rights [*Id.* ¶ 3]. The Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the parties' positions and because the Government does not oppose a trial continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to continue plea negotiations and otherwise prepare for trial should those negotiations not be fruitful. The Court finds that all of this cannot occur before the December 15, 2026, trial date.

The Court therefore **GRANTS** Defendant Demarcus D. Ross's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 16**]. The trial of this case is reset to **February 9, 2027**, and a new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 13, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Demarcus D. Ross's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 9, 2027, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 13, 2026**, and the new trial date of **February 9, 2027,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 8, 2027**;

(5) the deadline for filing motions *in limine* is **January 25, 2027**, and responses to motions *in limine* or due on or before **February 2, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 26, 2027, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 29, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge